# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JAMES PRESLEY**                                                                             **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:16CV-118-TBR**

**LMPD** *et al.*                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, James Presley, filed a *pro se* complaint proceeding *in forma pauperis*. Upon review of the complaint, the Court found that the allegations appeared to show that Plaintiff was asserting 42 U.S.C. § 1983 claims based on criminal charges which were still pending and charges for which he had already been convicted. Therefore, the Court ordered Plaintiff to advise it of the status of the criminal charges against him before it conducted initial screening (DN 14). Plaintiff filed a response to the Order providing information concerning his criminal charges (DN 16). Accordingly, this matter is now before the Court for initial screening pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I.

On the complaint form, Plaintiff indicates that he was both a convicted inmate and a pretrial detainee at the time he filed this suit. Plaintiff was incarcerated at the Louisville Metro Department of Corrections (LMDC), but he has since been released. Plaintiff sues the Louisville Metro Police Department (LMPD); the Commonwealth of Kentucky; LMDC; and Amber Denese Garris, whom Plaintiff identifies as "Commonwealth's star prosecuting witness."

Plaintiff alleges that in early June 2014 Garris filed a "false EPO on me in family court." He states that Garris "manipulated my family into helping her file bogus charges against me,

while I was going through a depressive trauma." He maintains that Garris "falsely testified under oath in Jefferson district courtroom 102, accusing me of stalking & threatening her [March 2015]." (Brackets by Plaintiff.)  He states that she also testified falsely against him before a grand jury in May 2015.  He states, "I lost nearly every I own because of this."  Plaintiff alleges claims for defamation and malicious prosecution against Garris.

Plaintiff states that he is suing LMPD "for gender biased practices on domestical disputes:  Amber & I called the police multiple times, (suicide claims/attempts), and arguements, (late May, early June 2014.)  I called police & reported Amber robbing me, an ofc. took my police report but otherwise did nothing (late May, early June 2014)."  Plaintiff further alleges, "However when Amber filed bogus EPO & charges they (the police) harassed me at my apt . . . and my job . . . looking to arrest me (Early June 2014)."  Plaintiff states, "They violated my 8th Amendment clause of equal protection of the law."  He also states, "Malicious prosecution/ arrest:  The police got upset at having to come to my apartment on 'drug runs' that they took their anger out on me (June 2014) not Amber, who had equal parts in that.  My 8th admendment of the cruel & unusual punishment clause was violated resulting in me losing everything."  Plaintiff states, "I also filed or tried to fill police report while incarcerated (09-2014)."

Plaintiff further states, "Commonwealth of Ky:  Gender biased/discrimitory domestic violence practices:  In June 2014, they prosecuted me on Amber's false accusations without factual evidence, & shoddy police work.  Allowed Amber to take false EPO out on me (Early June 2014) without evidence & little investigation."  He maintains, "They give court appointed victim advocates/lawyer's to represent women but not to men giving them an unfair, & discrimitory advantage."  Plaintiff alleges that the "14th admendment of due process & 8th admendment clause of equal protection of the law were & are being violated."  He represents

that the Commonwealth "allowed Amber to false swear" in the district court and before the grand jury resulting in his prosecution and conviction. He states, "I am now charged with stalking 1st degree, being a persistent felony offender & various EPO charges. (which I concede that I did contact Amber, it was however mutual.) I have suffered mental anguish, & humiliation, lost property, wages, my apartment, & my college career at Strayer University online." Plaintiff states, "I also suffer from bi-polar depression, & ptsd from Amber's robbery. The Commonwealth still has not charged Amber with giving false statements, perjury, or robbery."

With regard to LMDC, Plaintiff states, "The 3rd shift ofc's had not given us/my dorm a clean change of jumpsuits & towels at regular intervals. The largest streak of going without new jumpsuits or towels was 30 days." He states that this was an ongoing issue from September to late December 2015 and violated his Eighth Amendment rights. Finally, he asserts, "Currently the problem has mostly been fixed, but they still do forget sometimes, as of March 2016. Getting toilet paper, soup & toothpaste have been difficult issues as well."

As relief Plaintiff requests compensatory and punitive damages and injunctive relief, specifically to "charge Amber & any person who commits purjery & or false statements in criminal court & treat gender's equal in domestic situations whether it be arrest or prosecution."

In response to the Court's Memorandum and Order requesting information concerning Plaintiff's charges, Plaintiff states, "I plead guilty to an unlawful Imprisonment 2nd degree, and recieved 180 days." He maintains that "I served the 180 days for something I did not do." He also states, "Violation of a Kentucky E.P.O. . . . Plead guilty recieved 180 day to serve with the 2nd degree unlawful imprisonment." He further states, "While I did violate the E.P.O. Their should have never been one because Amber Garris lied to cover up her robbing me." Plaintiff

3

next asserts, "Menacing . . . I was charged with menacing and served 180 with the unlawful imprisonment and E.P.O. violations. . . . Did not do it." He adds, "Various E.P.O. Violations while in Jail because I called her while incarcerated. She was putting money on phone. I was charged with stalking so I did not plead guilty to E.P.O. charges." Next he states, "Stalking 1st degree . . . I pleaded on Alford plea and recieved 5 years probation. After I told my Judge I was filing a federal law suit." Plaintiff further states, "Persistent felony offender II . . . They dropped this charge and I entered an alford plea on stalking charges in which I plan to appeal soon."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

4

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### III.

*§ 1983 claims against Defendants LMPD and Commonwealth of Kentucky*

With regard to the LMPD and the Commonwealth of Kentucky, the Court construes the complaint as alleging § 1983 claims of false arrest and violations of the Equal Protection Clause and Due Process Clause in connection with Plaintiff's arrests for violations of Emergency Protective Orders (EPO) filed against him by Defendant Garris and for stalking.

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), a convicted party may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would

5

necessarily demonstrate the invalidity of confinement or its duration."). If a ruling on a claim would necessarily render the plaintiff's conviction invalid, the claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Heck*, 512 U.S. at 487.

Plaintiff states that he pleaded guilty and was convicted of EPO violations, unlawful imprisonment in the second degree, menacing, and stalking in the first degree. Success on his instant § 1983 claims challenging the validity of his arrests and convictions would necessarily render these convictions invalid. Nothing in the complaint suggests that the convictions have been reversed on appeal or otherwise invalidated. Plaintiff, therefore, cannot bring suit to challenge his arrests or convictions. Accordingly, his § 1983 claims against the LMPD and Commonwealth of Kentucky must be dismissed for failure to state a claim upon which relief may granted.

*§ 1983 claims against Defendant LMDC*

The Court construes Plaintiff's allegations against LMDC as alleging conditions-of-confinement claims under the Eighth Amendment. The Eighth Amendment requires that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). An Eighth Amendment claim has both an objective and subjective component: (1) a sufficiently grave deprivation of a basic

human need; and (2) a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Plaintiff alleges that he was denied a clean change of jumpsuit and towel at regular intervals, the longest period being 30 days. Plaintiff also asserts that "[g]etting toilet paper, soup & toothpaste have been difficult as well." The denial of clean clothes or linens may constitute an Eighth Amendment violation but only when the inmate claims to have "'suffered a physical injury or a disease as a result of these conditions.'" *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 U.S. Dist. LEXIS 14777, at \*7 (S.D. Ohio Feb. 4, 2013) (quoting *Miller v. Brown*, 07-2020 (JLL), 2007 U.S. Dist. LEXIS 46472, at \*8 (D.N.J. June 26, 2007)), Report and Recommendation adopted by *Brown v. Timmerman-Copper*, 2013 U.S. Dist. LEXIS 47960, at \*1 (S.D. Ohio, Apr. 2, 2013). To state a claim for damages under the Eighth Amendment, an inmate must allege actual harm, or at least a serious risk of harm, by the condition in question. *See, e.g.*, *Benjamin v. Fraser*, 343 F.3d 35, 51 n.17 (2d Cir. 2003) ("To establish the deprivation of a basic human need such as reasonable safety, an inmate must show 'actual or imminent harm.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). Mere exposure to such conditions does not state a claim for damages unless the harm actually occurs. *Brown*, 2013 U.S. Dist. LEXIS 14777, at \*7. Absent "'a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment'" an inmate has no claim for damages based upon unsanitary clothing or living conditions. *Id*. (citation omitted).

As Plaintiff does not allege that he suffered any physical injury from being denied a clean jumpsuit or towel, his Eighth Amendment claims fail to state a claim upon which relief may be granted and must be dismissed.

Likewise, Plaintiff's allegation that it was "difficult" to receive toilet paper, soup, and toothpaste is not sufficient to support an extreme deprivation to give rise to an Eighth Amendment claim. *See Richmond v. Settles*, 450 F. App'x. 448, 455 (6th Cir. 2011) (deprivation of personal hygiene items for six days is not actionable); *Crump v. Janz*, No. 1:10-cv-583, 2010 U.S. Dist. LEXIS 72067, at *13 (W.D. Mich. July 19, 2010) (finding no constitutional deprivation from 35 days without deodorant, toothbrushes, and toothpaste, among other items). Therefore, this claim must also be dismissed for failure to state a claim.

*State-law claims*

The Court construes the complaint as alleging state-law claims of malicious prosecution against Defendants LMPD and the Commonwealth of Kentucky and state-law claims of defamation and malicious prosecution against Defendant Garris. However, having dismissed all federal claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Therefore, those claims will be dismissed without prejudice.

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date:


cc: Plaintiff, *pro se*
      Defendants
4413.010